**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:

**DONALD LINDSEY WARE, JR.**                                                    **CASE NO. 11-50378**
**LOREA T. WARE**

**DEBTORS**

**CITIZENS COMMERCE NATIONAL BANK**                                          **PLAINTIFF**

**V.**                                                                        **ADV. CASE NO. 11-5049**

**REPUBLIC BANK & TRUST COMPANY**                                             **DEFENDANT**


**MEMORANDUM OPINION**

This matter is before the Court on cross-motions for summary judgment. The primary issue is whether a future advance clause contained in Defendant Republic Bank & Trust Company's ("Republic") first mortgage on property which is also encumbered by a second mortgage held by Plaintiff Citizens Commerce National Bank ("CCNB") secures additional indebtedness pursuant to K.R.S. §382.520. The second issue is whether all of the attorneys' fees and costs Republic seeks to recover are related to the enforcement of this lien and protection of its security interest such that it may recover these fees and costs pursuant to its mortgage and 11 U.S.C. §506(b).

The parties agree that there are no genuine issues of material fact. For the reasons stated below, the Court holds that summary judgment for the Defendant Republic shall be granted. The Defendant Republic's future advance clause is valid under K.R.S. §382.520 and secures additional indebtedness up to $129,225.00, or the principal amount of the Note identified in the Mortgage. Furthermore, Republic is entitled to recover the full amount of its attorneys' fees and costs requested pursuant to the terms of Republic's mortgage and 11 U.S.C. §506(b).

1

**Facts**

The following facts are undisputed. On January 29, 1997, the Debtors Donald and Lorea Ware (the "Debtors") executed a note in the principal amount of $129,225.00 with Republic (the "Republic Shagbark Note") secured by a mortgage (the "Republic Shagbark Mortgage") on 1133 Shagbark Lane, Lexington, Kentucky (the "Shagbark Property"). On March 28, 2008, the Debtors executed a note in the principal amount of $130,000.00 with Citizens Commerce National Bank (the "CCNB Shagbark Note") that was secured by a second mortgage on the Shagbark Property (the "CCNB Shagbark Mortgage"). Both mortgages were properly recorded and there is no dispute that Republic's Shagbark Mortgage was recorded prior to CCNB's Shagbark Mortgage.

The Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 10, 2011. Republic filed three proofs of claim:

1. Proof of Claim #7 in the amount of $88,495.08, plus interest and attorneys' fees, based on the Republic Shagbark Note and secured by the Republic Shagbark Mortgage.

2. Proof of Claim #5 in the amount of $312,689.86, plus interest and attorneys' fees, based on a home equity line of credit agreement dated May 27, 2005 in the principal amount of $300,000.00 and secured by a second mortgage on 547 Gingermill Lane, Lexington, Kentucky (the "Gingermill Property").

3. Proof of Claim #6 in the amount of $247,192.02, plus interest and attorneys fees, based on a note dated June 11, 1997 in the principal amount of $303,532.10 secured by a first mortgage on the Gingermill Property.

The Gingermill Property was sold by Master Commissioner of the Fayette Circuit Court and the proceeds thereof satisfied Republic's Claim #6 in full and paid a portion of Republic's Claim #5. Republic amended Claim #5 to reflect its deficiency balance in the amount of $272,243.53,

2

which Republic claims is secured by the Remaining Shagbark Proceeds (defined below). CCNB filed Proof of Claim #3 in the amount of $179,435.16, plus interest and attorneys' fees, based on the CCNB Shagbark Note and Mortgage.

A dispute has arisen between Republic and CCNB over the applicability of Republic's future advance clause in the Republic Shagbark Mortgage securing additional indebtedness beyond the balance due under the Republic Shagbark Note. On June 29, 2011, the Court entered an order authorizing the sale of the Shagbark Property with the proceeds to be held in escrow pending the resolution of the dispute between Republic and CCNB. On or around July 29, 2011, the Shagbark Property was sold for $195,000. After payment of all sale expenses and prior liens (i.e., *ad valorem* taxes, tax certificate holders, etc.), the net proceeds of the Shagbark sale, $160,425.37, were deposited into an escrow account held by CCNB's counsel.

Pursuant to an Order entered September 20, 2011, CCNB's counsel made a disbursement to Republic from the Shagbark sales proceeds in the amount of $88,495.08 as follows: (1) principal balance of the Republic Shagbark Note in the amount of $83,867.17; (2) interest as of August 23, 2011 on the Republic Shagbark Note in the amount of $2,998.05; (3) advancements in the amount of $474.45; and (4) attorneys' fees and expenses in the amount of $1,041.07. Based on this disbursement, the Republic Shagbark Note has a current outstanding balance of $194.64 in interest and $14,274.97 in attorneys' fees.[1] The disbursement was made without prejudice to Republic's claim to the remaining portion of the proceeds at issue in this adversary proceeding, or $71,930.29 (the "Remaining Shagbark Proceeds").

CCNB filed the underlying adversary proceeding on July 21, 2011 seeking a determination that the Republic Shagbark Mortgage secures only principal, interest and reasonable attorneys' fees based on the Republic Shagbark Note. At issue are two provisions

---

[1] Republic's Proof of Claim #7 has been amended to reflect the remaining amount of interest due.

3

in the Republic Shagbark Mortgage. The first provides that certain protective advances are secured by the Mortgage:

> **15.** **Protection of Mortgagee's Interest**. If any action or proceeding is commenced, including without limitation an action to foreclose this mortgage or collect the indebtedness secured hereby, in which it is necessary to defend or assert the lien of this mortgage or Mortgagee's rights hereunder, whether or not Mortgagee is made or becomes a party to such action or proceeding, all costs and expenses incurred or expended by or on behalf of Mortgagee in such prosecution or defense of the rights and lien created by this mortgage, including without limitation reasonable attorney fees, shall be reimbursed to Mortgagee by Mortgagor together with interest thereon at the highest rate allowed in the Note.
>
> Any amounts expended or incurred by Mortgagee to protect the security of this mortgage, including without limitation amounts expended or incurred by Mortgagee in exercise of its rights hereunder, are to be reimbursed to Mortgagee by Mortgagor and shall become additional debt secured hereby, but shall not constitute or be deemed to be additional advances pursuant to paragraph 19 hereof.

The second provision at issue is a future advance clause that provides:

> **19.** **Additional Advances**. Prior to release of this mortgage, Mortgagee, at its option, may make additional advances to Mortgagor. Such additional advances, with interest thereon, shall be secured by this mortgage…. At no time shall the principal amount of the indebtedness secured by this mortgage, not including sums advanced in accordance herewith to protect the security of this mortgage, exceed the original amount of the Note, plus $_____. All additional advances secured by this mortgage shall be due and payable on or before the Final Maturity Date of the Note, or such time as demand for payment may be made by Mortgagee.

The parties have filed cross-motions for summary judgment on the issues of (a) whether Republic's future advance clause in the Republic Shagbark Mortgage is valid under Kentucky law to permit the payment of the Remaining Shagbark Proceeds to Republic for application to Republic's Claim #5 (the "Remaining Gingermill Claim"); and (b) to what extent Republic's costs and attorneys' fees may be paid from the Remaining Shagbark Proceeds. CCNB, while recognizing that Republic is entitled to recover its reasonable attorneys' fees pursuant to the Republic Shagbark Mortgage, disputes any fees claimed by Republic that relate to (1) general

4

bankruptcy work which CCNB maintains is "unrelated" to Claim #7 and (2) Republic's efforts to claim a secured position based on Republic's allegedly "invalid" future advance clause.[2]

The Court heard oral arguments on the cross-motions for summary judgment on October 25, 2011. The Court then ordered Republic to supplement the record with affidavits in support of its Motion for Summary Judgment and request for attorneys' fees and costs. The Court also ordered CCNB to file any objections to Republic's request for fees and costs within fourteen days of the filing of the affidavits.

Republic filed its affidavits in support of its Motion for Summary Judgment and the recovery of its attorneys' fees. Jaree Glass, Vice President of Republic, testified that after application of the previously disbursed $88,495.08 from the escrowed Shagbark proceeds, the remaining balance of the Republic Shagbark Note is $194.64 in interest. Glass also testified that Republic's Remaining Gingermill Claim has not been satisfied and has a balance due in the principal sum of $256,614.25, late charges and other fees in the total amount of $595.00, and interest of $30,683.76 that continues to accrue at a default rate.

Republic's counsel also filed an affidavit in support of its claim under paragraph 15 of the Republic Shagbark Mortgage for the attorneys' fees and costs incurred in representing Republic in the enforcement of its lien on the Shagbark Property and the protection of Republic's interest in the Shagbark Property in both the main bankruptcy case and the adversary proceeding. Republic seeks to recover a total of $15,160.91[3] in attorneys' fees and costs. While CCNB does not dispute the truthfulness or accuracy of this affidavit or the attached billing records, or that

---

[2] Republic does not contest or object to Republic's right to payment for attorneys' fees and costs from the Shagbark sales proceeds incurred in the following: (a) the state foreclosure of the Shagbark Property; (b) preparation of Claim #7; or (c) Republic's Motion for Relief from Stay of the Shagbark Property.

[3] The total amount Republic seeks to recover pursuant to its counsel's affidavit is $16,201.98, which includes attorneys' fees of $15,372.50, court costs of $303.00 and expenses of $526.48. This amount has been adjusted to reflect the $1,041.07 received in the disbursement by CCNB's counsel, leaving a balance of $15,160.91.

the hourly rate charged is excessive, CCNB does object to (a) fees incurred in "general bankruptcy work" that is allegedly unrelated to protection of Republic's lien on the Shagbark Property and (b) the "efforts to claim a secured position based on Republic's invalid 'Additional Advances' clause." Briefing has been completed and upon agreement of the parties, the matter is submitted and ripe for a ruling by this Court.

## Analysis

The Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §1409.

**A.     Future Advance Clause**

The primary issue before the Court is whether the future advance clause in Republic's Shagbark Mortgage is valid pursuant to K.R.S. §382.520.[4] K.R.S. §382.520(2) states, in relevant part,

> The mortgage referred to in subsection (1) of this section may secure any additional indebtedness, whether direct, indirect, existing, future, contingent, or otherwise, to the extent expressly authorized by the mortgage, if the mortgage by its terms stipulates the maximum additional indebtedness which may be secured thereby.

CCNB focuses on the language in K.R.S. §382.520(2) requiring that the mortgage "by its terms stipulate the maximum additional indebtedness which may be secured." CCNB argues that because the future advance clause in paragraph 19 of Republic's Shagbark Mortgage has a blank space, there is no maximum indebtedness and the future advance clause is not valid under K.R.S. §382.520. In the alternative, CCNB argues that the clause is at least ambiguous and should be construed against its drafter, i.e. Republic.

---

[4] Republic has argued that this issue was previously decided in a state court proceeding involving an identical future advance clause in a different mortgage securing the Gingermill Property and the decision by the state court allegedly recognizing and enforcing the provision is *res judicata*. The Court is not persuaded by this argument, particularly where the Shagbark Property was unabandoned property of the bankruptcy estate, the automatic stay was in effect as to any proceedings involving the Shagbark Property, and any issues related to the Shagbark Property were specifically reserved by Republic.

6

Republic disputes that the clause is ambiguous or invalid. Republic contends that the clause is clear that the maximum additional indebtedness, not including protective advances, secured by the Mortgage is $129,225.00, or the original principal amount of the Republic Shagbark Note as identified in the Republic Shagbark Mortgage. Republic thus concludes the clause complies with K.R.S. §382.520.

This Court has previously addressed this issue and found that a clause in a mortgage that provides for cross-collateralization or future advances without stating any maximum additional indebtedness in terms of a specifically stated dollar amount cap is valid pursuant to K.R.S. §382.520(2) as long as the amount of the maximum encumbrance may be ascertained from the face of the mortgage. *In re Stabil, Inc.*, Case No. 92-20122, 1992 Bankr. LEXIS 2559 (Bankr. E.D. Ky. Dec. 9, 1992). At issue in *Stabil* was a cross-collateralization clause providing that the mortgage secures "any and all other indebtedness…up to the principal sum secured hereby." A competing creditor, SWSR, argued that the clause therein was not valid under K.R.S. §382.520(2) because no maximum additional indebtedness was specifically stated in the clause. TransOhio, the mortgagee with the cross-collateralization clause, argued that K.R.S. §382.520(2) does not apply to cross-collateralization clauses but in the event that it is applicable, the cross-collateralization clause does not violate K.R.S. §382.520(2). *Id. at* *2-3.

The Court first held that regardless of whether the clause is a cross-collateralization clause or a future advance clause, K.R.S. §382.520(2) is applicable. *Id. at* *3. The Court relied on K.R.S. §382.520(2), and the leading case interpreting K.R.S. §382.520, *Bank of Maysville v. Brock*, 375 S.W.2d 814 (Ky. App. 1964), in holding that the nature and amount of the encumbrance must be able to be ascertained by "the exercise of ordinary discretion and diligence." *Id. at* *3-4. Applying this to the cross-collateralization clause at issue therein, the Court held that where the principal amount may be ascertained from the face of the mortgage and is specifically referenced in the clause, the cross-collateralization clause is unambiguous

7

and validly secures additional indebtedness up to the principal amount as stated in the mortgage. *Id. at* *4.

The future advance clause at issue herein is very similar. It states "[a]t no time shall the principal amount of the indebtedness secured by this mortgage, not including sums advanced in accordance herewith to protect the security of this mortgage, exceed the original amount of the Note, plus $_____." The original amount of the Republic Shagbark Note, or $129,225.00, may be ascertained from the face of the Republic Shagbark Mortgage. Thus, the extent of additional indebtedness may be determined by the exercise of ordinary discretion and diligence merely by referring to the Republic Shagbark Mortgage. The future advance clause clearly secures additional indebtedness up to $129,225.00 and is valid under K.R.S. §382.520(2). Therefore, Republic has a first priority lien against the Remaining Shagbark Proceeds in the principal amount of $45,357.83 ($129,225.00 less the principal paid on the Republic Shagbark Note, $83,867.17) plus interest thereon from the date of sale to the date of payment for application to and in accordance with Republic's Claim #5.

**B.     Attorneys' Fees**

Republic also seeks to recover attorneys' fees and costs pursuant to paragraph 15 of the Republic Shagbark Mortgage and 11 U.S.C. §506(b). Republic argues these attorneys' fees and costs are protective advances incurred in an attempt to protect the security of that Mortgage. Therefore, per the language of paragraph 15, they are not to be considered part of the future advance clause and are secured by the Republic Shagbark Mortgage.

CCNB does not dispute that Republic is entitled to reasonable attorneys' fees in connection with the enforcement of its mortgage against the Shagbark Property pursuant to the Republic Shagbark Note and Mortgage. But CCNB objects to two categories of fees claimed by Republic: (1) general bankruptcy work which CCNB argues is "unrelated" to Claim #7 on the Shagbark Property; and (2) Republic's efforts to claim a secured position based on Republic's

8

"invalid 'Additional Advances' clause." CCNB focuses in particular on fees that were incurred in the defense of the adversary proceeding, preparation for the evidentiary hearing on a motion in the main case related to the lien dispute between CCNB and Republic, and the objection to CCNB's Motion to Distribute the Shagbark Property sales proceeds to CCNB.

The Court finds CCNB's arguments to be without merit. All the fees and costs Republic seeks to recover as set forth in Republic's counsel's affidavit are directly related to Republic's protection of the Republic Shagbark Mortgage, and are therefore secured by the Mortgage pursuant to paragraph 15. Furthermore, Republic is an oversecured creditor pursuant to 11 U.S.C. §506(b) and is therefore entitled to recover these attorneys' fees and costs, or $15,160.91, from the Remaining Shagbark Proceeds.

## Conclusion

Based on the foregoing, the Plaintiff CCNB's Motion for Summary Judgment shall be denied and the Defendant Republic's Motion for Summary Judgment shall be granted. A separate order shall be entered accordingly.


Copies To:

Helene Gordon Williams, Esq.

Stephen Barnes, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Tuesday, November 29, 2011**
**(tnw)**